### In the matter of the CROTON INSURANCE COMPANY

The officers of an insolvent corporation are not entitled to have their salaries paid in full, in preference to the debts of other creditors. They are only entitled to be paid their ratable proportion of the assets of the company as between them and other creditors.

The receiver of an insolvent corporation may, upon application to the court, be authorized to compromise disputed and doubtful claims against the company, by the allowance of so much of such claims as he may deem just and equitable.

He may also be authorized, in any case where he may deem it expedient, and for the interest of the creditors and stockholders of the company to do so, to compromise with debtors of the corporation who are unable to pay in full; upon the receipt of such part of the debts due from them as he shall deem reasonable and for the best interests of such creditors and stockholders of the company.

Such receiver will not be authorized to re-insure for risks already assumed by the company, and to pay the new premium out of the assets of the company. But his proper course is to refund the unearned portion of the premiums received, where the assured are willing to do so, and let them re-insure for themselves.

THIS case came before the chancellor on an application by the receiver of the Croton Insurance Company, an insolvent corporation, for leave to re-insure the risks which the corporation had assumed ; for leave to compromise claims against the corporation ; and for leave to pay the officers of the company their salaries in full.

*J. N. Taylor*, for the petitioner.

THE CHANCELLOR. In the case of *Bruyn* v. *The Receiver of the Middle District Bank*, (1 *Paige's Rep.* 584,) this court decided that the cashier of an insolvent bank had no lien upon the funds of the bank for the payment of the arrears of his salary ; and that he was not entitled to a preference in payment over other creditors. In this case the officers of the insolvent institution are not entitled to any preference in payment over other creditors. The receiver is therefore to allow them the amounts due them for their salaries up to the time of his appointment only ; as debts to be paid ratably with other creditors. The one against whom the receiver holds a note, can however

In the matter of the Croton Insurance Company.

be credited the amount due to him for his salary, as an offset ; to be applied in part payment of his note.

The receiver is also to be allowed to compromise disputed and doubtful claims against the company, by the allowance of so much of such claims as he may deem just and equitable. And he is also to be at liberty to submit any such claims to arbitration ; as provided for in the statute, under which he was appointed. The court will also give him a general power, in any case where he may deem it expedient and for the interest of the creditors and stockholders of the company to do so, to compromise with debtors of the corporation who are unable to pay in full ; upon the receipt of such part of the debts due from them as he shall deem reasonable and for the best interests of such creditors and stockholders of the company.

It does not appear to be proper, however, to authorize the receiver to re-insure for risks already assumed by the company. The statute authorizes the receiver to cancel such policies, with the assent of the assured ; and to refund to the assured so much of the premiums which may have been paid as shall be in proportion to the period the policy has to run at the time of such cancelment. (2 R. S. 470, §§ 75, 77.) And if those who have insured with an insolvent corporation are not willing to assume the risk of re-insuring for themselves on those terms, which they undoubtedly do at the same rate which the receiver would have to pay for a re-insurance of the risk which the company had assumed, for the same period, they must take their chance of a ratable dividend with the other creditors in case of a loss. The part of the application which asks for leave to re-insure, and so much thereof as asks permission to pay the officers of the insolvent company more than their ratable proportion of the assets of the company, as between them and other creditors, must be denied.