John Coyne, Assignee, etc., Respondent, *v.* Frederick G. Weaver, late Sheriff, etc., Appellant.

Where two different constructions to an instrument are possible, one of which will uphold, the other render it void, the former is to be chosen.

An assignment for the benefit of creditors contained a clause empowering the assignee to collect the " choses in action with the right to compound for the said choses in action, taking a part for the whole, when he shall deem it expedient." In an action by the assignee to recover assigned property levied upon by defendant as sheriff by virtue of executions against the assignor, *held*, that the clause was to be construed as simply authorizing the assignee to compromise such claims as in a sound discretion the interests of the trust required; that as so construed, the clause was not in conflict with the provision of the act of 1877, in relation to such assignments (§ 23, chap. 466, Laws of 1877), which permits the County Court to authorize an assignee to compromise any claim or

debt belonging to the estate; and that it did not invalidate the assignment.

Also *held*, that evidence of the declarations of the assignor, made after the assignment, acceptance and delivery of possession under it, were properly excluded.

*Adams* v. *Davidson* (10 N. Y. 309), distinguished.

(Argued February 11, 1881; decided March 1, 1881.)

APPEAL from judgment of the General Term of the Supreme Court, in the fourth judicial department, entered upon an order made April 6, 1880, which affirmed a judgment in favor of plaintiff, entered upon a verdict, and affirmed an order denying a motion for a new trial.

This action was brought by plaintiff as assignee under a general assignment for the benefit of creditors, executed to him by James Doyle, to recover damages for the alleged taking and conversion of a portion of the assigned property. Defendant levied upon the property in question under and by virtue of certain executions issued to him as sheriff, against said Doyle.

The further material facts appear in the opinion.

*Edwin H. Risley* for appellant. The assignment is void upon its face, and conveyed no title to the property assigned as against the judgment creditor, power to do an unlawful act being given by it. (*Nicholson* v. *Leavitt*, 6 N. Y. 510; *Rapalje* v. *Stewart*, 27 id. 310, 317; *Townsend* v. *Stearns*, 32 id. 209–215.) Voluntary assignments are void where they in terms vested a discretionary power in the assignee, which, by the terms of the instrument, could be used as a shield or protection to the assignee for acts done under the same. (*Nicholson* v. *Leavitt*, 6 N. Y. 510; *Bright* v. *Tillinghast*, 13 id. 215; *Darwin* v. *Waterman*, 17 id. 9; *Nichols* v. *McEwen*, id. 22; *Jessup* v. *Hulse*, 21 id. 168, 170; *Kellogg* v. *Slauson*, 1 Kern. 302; *Townsend* v. *Stearns*, 32 N. Y. 209; *Benedict* v. *Huntington*, id. 219; *Connell* v. *Sherwood*, 19 Hun, 519, 524; 8 How. 468; *Matter of Ransom*, 1 Am. Insolvency Rep. 73.) When, therefore, under this assignment, the creditors ask an accounting, the assignee can justify any act of compounding a

debt under it notwithstanding the statute, and it will be binding upon the creditor, as such proceedings are taken and had under the assignment. If the creditor does not wish to be bound by its provisions, he must contest it by proceedings in hostility to it. (*Bishop* v. *Hart*, 28 Vt. 71; *Merrill* v. *Englesby*, id. 15; Law of Trusts and Trustees [Bullard & Tiffany], 296, 398; *Ontario Bk.* v. *Root*, 3 Paige, 478; *Mills* v. *Argall*, 6 id. 577; *Ames* v. *Blunt*, 5 id. 13.)

*Nicholas E. Kernan* for respondent. Power, given to an assignee, to "compound, compromise and settle claims and things assigned, in his discretion," does not vitiate the assignment. (*Bellows* v. *Partridge*, 19 Barb. 176; Bishop on Insolvent Debtors [1879], § 214; *Evans* v. *Doyle*, 1 April Gen. Term, 1879 [4th Depart.]; *Gunther* v. *Richmond*, *Sher.*, 18 Hun, 331.) Where the language of a general assignment can be abundantly satisfied by a construction which will support the instrument, such construction will be adopted. To render the assignment void, the language must not only admit of a construction consistent with a fraudulent intent, but it must be inconsistent with an honest purpose and a lawful act. (*Townsend* v. *Stearns*, 32 N. Y. 209; *Benedict* v. *Huntington*, id. 219; *Kellogg* v. *Slauson*, 1 Kern. 302; *Mann* v. *Whitbeck*, *Sher.*, 17 Barb. 388; *Bk. of Silver Creek* v. *Talcott*, 22 id. 550, 561; *Jewett* v. *Woodward*, 1 Ed. Ch. 195, 197; *Brainard* v. *Dunning*, 30 N. Y. 211, 215; *Van Dine* v. *Willett*, 38 Barb. 319; *Reed* v. *Worthington*, 9 Bosw. 617; *Whiting* v. *Krows*, 11 Barb. 198, 204; *Wilson* v. *Robertson*, 21 N. Y. 587; *Campbell* v. *Woodworth*, 24 id. 304; *Boese* v. *King*, 78 id. 471.) Power to "compromise such of the debts assigned as are doubtful by receiving a part for the whole" is valid, and furnishes no implication of a fraudulent intent. (*Brigham* v. *Tillinghast*, 15 Barb. 618; reversed, 13 N. Y. 215; *Dow* v. *Platner*, 16 id. 9, 15; *Jessup* v. *Hulse*, 21 id. 169; *Benedict* v. *Huntington*, 32 id. 225.) Under the authorities, it is the natural and common sense construction of the clause in question, that the assignee is invested with a discretion to be lawfully exer-

cised. (1 Perry on Trusts, § 440; Tiffany & Bullard's Law of Trusts, 592, 593, 616; *King* v. *Talbott*, 40 N. Y. 76, 78, 83; *Ackerman* v. *Emmett*, 4 Barb. 626, 645; *Jacobs* v. *Allen*, 18 id. 549.) As matter of law, the assignee would have the power to do precisely what this assignment authorizes him to do. (*Chouteau* v. *Suydam*, 21 N. Y. 179, 182; *Anonymous* v. *Gelpecke*, 5 How. 246; Bishop on Insolvent Debtors [1879], 273; *Litchfield* v. *White*, 7 N. Y. 438, 443; 2 Perry on Trusts, § 482; *Pierson et al.* v. *Thomson et al.*, 1 Ed. Ch. 212, 222–225; Lewin on Trusts, marg. p. 520; *Blue* v. *Marshall*, 3 P. Wms. 381; *Jermain* v. *Patterson*, 46 Barb. 9.) Section 23, chapter 466, Laws of 1877, in no wise affects this question. (*Chouteau* v. *Suydam*, 21 N. Y. 184; 5 Hun, 251; 1 Abb. 274; 3 Barb. Ch. 642; *Gunther* v. *Richmond*, 18 Hun, 232.) No demand was necessary, since the appellant took the stock directly from the respondent. (*Pierce* v. *Van Dyke*, 6 Hill, 613; *Bliss* v. *Cottle*, 32 Barb. 322.)

FINCH, J. The plaintiff claims under a general assignment for the benefit of creditors, which the defendant insists is void on its face by reason of an unlawful authority conferred upon the assignee. The instrument contains a general grant and conveyance of all the property and choses in action of the assignor, and empowers the assignee " to sell and dispose of the said real and personal estate, and to collect the said choses in action, with the right to compound for the said choses in action, taking a part for the whole, when he shall deem it expedient." A literal and rigid construction of this language would justify the claim of the appellant that authority was given to compromise all debts due the assignor, as well those which were good for their entire amount, as those which were doubtful and precarious. If we were compelled to accept this interpretation, it would be our duty to declare the instrument void, for it would be an authority to waste the fund. But we are satisfied that it is not our duty to adopt this construction. It is difficult to conceive of any fraudulent motive or purpose on the part of the assignor which would be aided by such an authority. The con-

sequent loss would be injurious to the assignor, and in no possible respect an advantage. The waste permitted would tend only to increase the balance of uncanceled debt remaining to hamper his action after the close of the trust. As sought to be construed it is literally an authority to waste the assets devoted by the assignor to the payment of his debts. Acted upon, it could only injure both the creditors and the assignor and by no possibility benefit either. We should not accept such an interpretation unless compelled by plain and inflexible provisions. Two rules should guide us to the proper result. The meaning and intention of the assignor is to be gathered from the whole instrument, and where two different constructions are possible, that is to be chosen which upholds and does not destroy the instrument. (*Townsend* v. *Stearns,* 32 N. Y. 209; *Brainerd* v. *Dunning,* 30 id. 211; *Campbell* v. *Woodworth,* 24 id. 304; *Benedict* v. *Huntington,* 32 id. 219.) It must be granted that the authority to compromise, given by the clause under consideration, relates by its terms to the choses in action generally transferred to the assignee. So far no distinction is made between the good and the doubtful assets. But the important words "where he shall deem it expedient to do so" qualify the general authority and limit it to either one or the other of two possible cases, according to our choice of one or the other of two possible constructions. Those qualifying words may mean, either that the assignee is at liberty to compromise any claim if he shall choose to do so, and behind his judgment nobody shall go, or that the assignee may compromise such claims as in the exercise of a sound discretion the interests of the trust require. We think the latter is the plain and proper construction. If it was necessary, in order to reach that interpretation, to be subtle and astute in our study of the language used, the quaint expression of Lord HOBART, cited with approval in *Townsend* v. *Stearns* (32 N. Y. 215), would furnish our justification. A court may wrestle, if need be, with unwilling words to find the truth, or preserve a right which is endangered. But any strain upon the language of the assignment is not necessary to our conclusion. We may

so test the final and important phrase as to be certain of its meaning. Let us suppose that the assignee, acting under the authority we are discussing, had compromised a debt due the assignor by accepting one-half its amount, in a case where the debtor was perfectly good, and the whole sum could have been collected. Let us further suppose that on his accounting, the assignee admitting all these facts, gave no other explanation than to plant himself upon the words of his authority, and declared that he was empowered to compromise where he deemed it expedient, and he did deem the compromise in question expedient, and, therefore, was entitled to protection. Is it to be presumed that any court would accept his construction of the authority conferred? The just and proper answer would be that he overestimated and misconstrued his power; that while he was given a discretion, it was the discretion of a trustee, exercised in a proper case, under circumstances requiring it, and founded upon a just consideration of the needs of the fund committed to his care. The clause in question, therefore, must be held to have given to the assignee no arbitrary power to compromise where such action was neither necessary nor proper; but merely the discretion which the law recognizes, to compromise doubtful and dangerous debts, in cases where the safety and interest of the fund demands such action; and that in such case only can he honestly " deem " a compromise " expedient," or be allowed to plead that authority as a protection. Thus understood, the language of the assignment is not open to the criticism bestowed upon it. It confers upon the assignee no unlawful or arbitrary power, and takes away from the creditors no just protection. It leaves the assignee liable for his negligence or misconduct if he makes a compromise where prudence or necessity do not require it, and the assignment, therefore, is not void. (*Dow* v. *Platner*, 16 N. Y. 562; *King* v. *Talbot*, 40 id. 76; *Chouteau* v. *Suydam*, 21 id. 179; *Ginther* v. *Richmond*, 18 Hun, 234.) In the case last cited the same question of interpretation was discussed and a conclusion reached in accordance with the views we have expressed. The learned judge who wrote the opinion in that

case very properly calls attention to the language of the act of 1877, which permits the County Court to " authorize the assignee to compromise or compound any claim or debt belonging to the estate of the debtor," and argues that the phrase " any claim " could not be interpreted to mean that the court might authorize a compromise of a good debt due from a solvent debtor, and yet that such a construction would be quite as reasonable as that sought to be put upon the similar language of the assignment.

We do not think the recent legislation, relating to general assignments for the benefit of creditors, affects our conclusion. (Laws of 1877, chap. 466, § 23.)   Before that enactment the assignee could always apply to the court for its advice on a question of compromise. (*In re Croton Ins. Co.*, 3 Barb. Ch. 642 ; *Anonymous* v. *Gelpcke*, 5 Hun, 251.)   The act of 1877, in this respect, is merely cumulative, and extends to the County Court an authority in the given case necessary to the complete exercise of its jurisdiction.   Nothing in the assignment, as we interpret it, in any manner conflicts with the authority conferred by this statute on the County Court.

It is further objected that the judge erred upon the trial in excluding the declarations of Doyle, the assignor.   The sheriff made his first levy upon the stock of goods on January 16th. Doyle was then in the store.   The assignment to plaintiff was made and accepted on the 2d day of January, and the inventory was made within two or three days thereafter.   The assignee took immediate possession, and did not employ Doyle, in any capacity, in the store.   The defendant's answer alleges that the assignee was in possession when the levy was made.   On this state of facts the defendant's counsel asked the question, " at the time you made the first levy, what did Doyle say on the subject of having sold goods from the store prior to the levy ? " The question was excluded, and the defendant excepted.   A further offer was made to prove similar declarations.   They were inadmissible because made after the assignment and delivery of possession under it. (*Cuyler* v. *McCartney*, 40 N. Y. 221 ; *Tilson* v. *Terwilliger*, 56 N. Y. 273.)   This was not

a case like that in *Adams* v. *Davidson* (10 N. Y. 309), where an assignor continued in possession without a break, notwithstanding a real or pretended sale.

We are of opinion, therefore, that no error was committed on the trial, and the judgment should be affirmed, with costs.

All concur, except Rapallo, J., absent.

Judgment affirmed.