ARTHUR P. FLAGLER, ASSIGNEE, ETC., OF ORVILLE A. WHEELER, RESPONDENT, *v.* FRANCIS SCHOEFFEL, APPELLANT.

*General assignment — not invalidated because the property is conveyed to the assignee, his heirs, executors, administrators and assigns — evidence — declarations of the assignor, made before or after the assignment, are inadmissible — one not a party to a proceeding cannot claim the benefit of an order made therein as deciding the issue involved.*

The plaintiff, as the general assignee for the benefit of the creditors of one Wheeler, brought this action against the defendant, a sheriff, to recover for the conversion of certain wheat and corn which had been assigned to the plaintiff, and which the defendant had levied upon and sold under an execution issued upon a judgment recovered by one Ellas against Wheeler, after the assignment had been executed and the assignee had taken possession of the property therein described. The defendant claimed that the assignment was fraudulent and void, alleging as one reason therefor that it assigned the property to the plaintiff, "his heirs, executors, administrators and assigns."

*Held,* that there was nothing in this claim; that the words objected to were used to describe the quality of the estate conveyed, and not the class of persons taking it.

Upon the trial the defendant offered to prove declarations made by the assignor, some before and some after the assignment had been made and the assignee had taken possession of the property, tending to show that he made the assignment with intent to defraud his creditors.

*Held*, that it was proper to exclude this testimony.

*Bullis* v. *Montgomery* (50 N. Y. 352) followed, and *Adams* v. *Davidson* (10 id., 309) distinguished.

It appeared that a mortgage upon the real estate assigned to the plaintiff was foreclosed; that a surplus arising upon the sale was paid into court, and that in proceedings instituted to distribute the fund, the claim of the plaintiff, as assignee, was successfully attacked on the ground of fraud by one Reed, a judgment creditor, who procured an order directing the surplus to be paid to him. Upon the trial of this action the court excluded evidence of these records and proceedings.

*Held*, that this was proper as it did not appear that the judgment creditor, under whose authority the defendant acted, was a party to these proceedings.

That this objection was not removed by an offer to show by parol that the attorney for the Ellas estate was the attorney for Reed, and that the attorney was acting in fact for the Ellas estate, as these facts did not show that the Ellases were parties to or appeared in the proceedings so as to be bound by the facts determined therein.

APPEAL from a judgment in favor of the plaintiff, entered upon a verdict of a jury at the Monroe Circuit, and from an order denying defendant's motion for a new trial made upon the minutes of the justice before whom the action was tried.

*Horace McGuire*, for the appellant.

*H. R. Durfee*, for the respondent.

HAIGHT, J. :

On the 13th day of March, 1883, one Orville A. Wheeler made a general assignment for the benefit of creditors to the plaintiff, who took possession of the property and entered upon the discharge of his trust. The assigned property consisted chiefly of a farm, upon which winter wheat was growing at the time of the assignment, which the assignee procured to be harvested and threshed. In the spring of the year the plaintiff entered into an agreement with Ruth Wheeler, the wife of the assignor, to cultivate the farm on shares, under which agreement some corn was raised, which was divided between her and the plaintiff. In September, 1883, Edward H. Ellas and another, as executors, etc., recovered judgment against Orville A. Wheeler for the sum of $691.13, on which

judgment execution was issued to the defendant, who was then sheriff of Monroe county. The defendant, by virtue of the execution, levied upon and sold the wheat and corn held by the plaintiff as assignee, and this action was brought to recover for the alleged wrongful conversion of the wheat and corn. The defense was that the assignment by Wheeler to the plaintiff was fraudulent and void. The verdict was in favor of the plaintiff.

It is contended, in the first place, that the assignment is fraudulent and void upon its face for the reason that it assigned to the plaintiff, "*his heirs, executors, administrators and assigns*." We are, however, of the opinion that there is nothing in this claim. The objectionable words, as usually employed in conveyances, are used as descriptive of the quality of the estate conveyed, and are not understood as conveying an estate to the classes of persons named. The power and manner of assigning, for the benefit of creditors, is expressly limited and prescribed by statute, and under it we are required to give effect to the intent of the parties to every conveyance of an estate or interest in land. Under the assignment in question it was the evident intent and purpose of the assignor to vest the estate in the plaintiff as assignee for the benefit of creditors.

Upon the trial the defendant offered to prove the declarations of Wheeler before the assignment. These declarations were offered solely upon the question of intent. Objection was made and sustained, to which the defendant took exception. Other declarations of Wheeler were offered to be proved made after the assignment had been made and the defendant had taken possession of the assigned property.

It is now contended that the evidence was competent and that it should have been admitted. In the case of *Adams* v. *Davidson* (10 N. Y., 309) it was held that where a debtor had made an assignment in trust for creditors of a stock of merchandise, and that the assignee, after a mere symbolical delivery, had permitted the assignor to continue in possession of the goods, selling them as before the assignment and apparently for the benefit of the assignor, that these facts unexplained were evidence that the assignment was made in fraud of creditors, and the declarations of the assignor as to the object of making the assignment, made by him after its execution, and while he continued in possession of the property, are evidence against the assignor and creditors claiming under the assignment.

In the case of *Cuyler* v. *McCartney* (40 N. Y., 221), it was held that after the execution and delivery of the assignment in trust for the benefit of creditors, and the entry of the trustee upon the performance of the trust by taking possession of the assigned property, the assignor cannot, by his declarations or admissions made out of court, invalidate the assignment or furnish evidence of his own or of the trustee's fraudulent intent in making or receiving it.

In the case of *Bullis* v. *Montgomery* (50 N. Y., 352), the action was brought by an assignee against the sheriff, to recover the possession of personal property levied upon by the sheriff under a requisition issued in an action brought by Montgomery and Sage to recover chattels. Upon the trial evidence was offered by the defendant that Walters, the assignor, had, previous to the making of the assigment, declared his intent to cheat Montgomery and Sage out of the property. The evidence was objected to and excluded. FOLGER, J., in delivering the opinion of the court, says : " Were the declarations of Walters admissible in evidence ? Walters was a competent witness and was not a party to the action. They were, then, hearsay evidence, and were not competent unless brought within some of the exceptions to the rule which forbids the use of such evidence. It is suggested that they were a part of the *res gestæ*. But there is nothing in the case to sustain this. They were made before the sale of the property, not in the progress of the bargaining for it, not so far as appears in reference to an anticipated purchase or bargaining for it, nor while engaged in endeavoring to bring about a sale. In these respects the case differs from *Crary* v. *Sprague* (12 Wend., 41) and other like cases cited by the defendants. It is also suggested that there was such a privity between Walters and the plaintiffs, such an identity or community of interest as made these declarations competent evidence. There may be such cases but this is not one. It exists in the case of an administrator, the declarations and admissions of whose intestate may be given against him. But there is no such identity of interest between an insolvent assignor in trust for creditors and his assignee. The latter holds primarily for the creditors, and for these in hostility to the assignor. He does not represent merely or principally the assignor, nor hold chiefly for his interest and benefit, but rather for the creditors of the assignor, and is accountable in the first place to them."

The court in this case, and in the case of *Cuyler* v. *McCartney*, refers to the case of *Adams* v. *Davidson* (*supra*), and questions the correctness of the rule there stated. But inasmuch as that case went no farther than to hold that the declarations of the assignor were competent after the assignment, where the assignor had remained in possession of the goods, selling them as before the assignment, and apparently for his own benefit, under such circumstances as to become evidence that the assignment was made for his benefit and in fraud of his creditors, it was not necessarily in conflict with the rule laid down in the later cases.

The case of *Bullis* v. *Montgomery*, so far as this question is concerned, appears to be in point and upon all fours with the case under consideration. The action was by the assignee against the sheriff for the wrongful taking of a part of the assigned property. The evidence excluded was an offer to show the declarations of the assignor that he "*intended to cheat them out of the property.*" The declarations offered were claimed to have been made before the assignment and not in the progress of the bargain. So in the case under consideration; the declarations sought to be proved were claimed to have been made fourteen days before the assignment to one Reed and other creditors who were trying to collect their claims. It is not pretended that they were made at or about the time of the assignment, or in the presence and hearing of the assignee. They consequently were not a part of the *res gestæ*; there had been no attempt to prove a conspiracy or to bring them within the rule that admits the declaration of a co-conspirator. We are, consequently, of the opinion that the declarations were properly excluded. (See, also, *Coyne* v. *Weaver*, 84 N. Y., 386–392; *Vidvard* v. *Powers*, 34 Hun, 221.)

The declarations of the assignor, after the assignment and after possession had been delivered to the assignee, were properly excluded under the authorities to which we have already referred. He could not, then, by his own declarations out of court, not under oath, make evidence against the assignee that would prejudice or impeach the title vested in him for the benefit of creditors.

Upon the trial the court first received in evidence, and then struck out, the records and proceedings had for the purpose of distributing surplus moneys arising upon a sale in a foreclosure action. It

appeared that one Barnet B. Flagler, as executor, etc., held a mortgage upon the real estate assigned to the plaintiff; that an action was brought to foreclose the mortgage; that a judgment of foreclosure was entered and the premises sold under the decree; that a surplus arose from such sale which was paid into court and proceedings were then instituted to distribute the surplus. The same was claimed by the plaintiff, as assignee, and by one Reed, a judgment creditor of Wheeler's, but whose judgment was obtained subsequent to the assignment. Such proceedings were thereupon had that an order of reference was made and a hearing had before the referee, who made and filed his report to the effect that he found, as a fact, that the assignment from Wheeler to the plaintiff was made with the intent to hinder, delay and defraud creditors, and, as a conclusion of law, that the judgment of Reed should be paid out of the surplus moneys prior to the claim of the plaintiff as assignee.

Motion was made on the part of the assignee to set aside this report. The Special Term denied the motion and confirmed the report. It is now claimed that these proceedings were competent evidence, first, as constituting a bar; and second, as evidence of the fact establishing that the assignment was fraudulent and void. Upon referring to the answer we find that the defendant has failed to plead these proceedings as a bar to the action.

In the case of *Krekeler* v. *Ritter* (62 N. Y., 372) it was held that the record of a former judgment is not admissible in evidence as constituting a bar or estoppel to an action without being pleaded, and yet it was held that when the issues in an action had been adjudicated in a former action between the parties, the judgment in the former action is proper as evidence of the facts established thereby although not pleaded. In the proceedings to distribute the surplus money the question as to the validity of this assignment was squarely raised and necessarily determined. The court had jurisdiction, and the facts, as established by the final order in the proceedings, are doubtless *res adjudicata* as to all of the parties to that proceeding.

The difficulty, however, is that the appeal book fails to show that the defendant or the Ellases, the judgment creditors, were parties to those proceedings. It does not appear that they ever filed any claim for a share of the surplus money; that they were ever served

with any notice of the proceedings to distribute the money, or that they ever appeared in the proceeding. It is contended, however, that the defendant offered to show by parol that the attorney for the Ellas estate was the attorney for Reed, and that the attorney was acting in fact for the Ellas estate. This offer was excluded and exception taken. We are of the opinion that this offer does not go far enough. The attorney for the Ellas estate may have been the attorney for Reed in these proceedings; he may at the same time have been acting as attorney for the Ellas estate in other matters, generally looking after the interests of that estate, and still the Ellases may not have been parties to or appeared in the proceeding so as to be bound by the facts determined therein.

The court very fairly submitted the questions involved in the case to the jury, and we discover no errors in the charge as made or in the refusals to charge as requested. The leasing of the farm to Mrs. Wheeler to work upon shares raised a question of fact, which was submitted to the jury under proper instructions.

The judgment and order should be affirmed.

BRADLEY and CORLETT, JJ., concurred.

Judgment and order affirmed.