FELIX JELLENIK, AS ASSIGNEE OF THE CREDITORS OF ADOLPH GRUNBERG, RESPONDENT, v. MOSES MAY AND MICHAEL LEVY, APPELLANTS.

*Evidence — admissibility of admissions of an insolvent debtor made after the delivery of a general assignment, but while he was in possession of the property.*

This action was brought by the plaintiff, as the assignee of one Grunberg, to recover certain goods levied upon on February 28, 1885, by the sheriff of Kings county under an execution issued upon a judgment recovered against Grunberg. The assignment was dated November third and acknowledged November 5, 1884. Upon the trial evidence was given tending to show that the assignor continued in possession of the property, manufacturing and managing the stock of goods and materials as usual, until November 8, 1884, when they were seized under an attachment by the sheriff of New York county, who returned them to the plaintiff on February 28, 1885, when they were levied upon by the sheriff of Kings county.

*Held,* that it was error to refuse to allow the defendants to prove admissions of the assignor made while he continued in possession of the property.

That the court also erred in rejecting evidence of the acts of the assignor at and about the time of the assignment.

Appeal from a judgment, entered upon the verdict of a jury at the Kings County Circuit, and from an order denying a motion for a new trial.

On the 28th of February, 1885, the sheriff of Kings county levied upon certain goods, and took them out of the possession of the plaintiff, who held them as assignee of Adolph Grunberg for the benefit of creditors. The plaintiff having claimed the goods, the present defendants, Moses May and Michael Levy, indemnified the sheriff. The goods were sold under execution, and brought $1,568 on such sale. The plaintiff having sued the sheriff, the defendants May and Levy intervened, and were substituted, pursuant to sections 1421 to 1427 of the Code, upon their own motion.

The defendants sought to introduce at the trial testimony as to admissions made by the assignor, and by one of the preferred creditors, prior to the assignment and thereafter. This was excluded, and it is upon the exceptions to the exclusion of this testimony that the appeal substantially rests. The defendants claim that the testimony showed that the assignee had not taken immediate and held continued possession of the goods, and that the admissions of the assignor and preferred creditors were, therefore, admissible. The sheriff of New York county seized the goods on the eighth of November, under attachment. On the twenty-eighth of February he returned them to the plaintiff, and then the sheriff of Kings county made the levy which is the basis of this action.

*Ira Leo Bamberger,* for the appellants.

*John S. Davenport,* for the respondent.

Barnard, P. J.:

The proof of fraud in the assignment by Grunberg to the plaintiff is very light, but it was sufficient to admit the declarations of Grunberg. The assignment was dated the 3d of November, 1884, and acknowledged the 5th of November, 1884, and there is proof tending to show that the assignor continued in the possession of the

property manufacturing and managing the stock of goods and material as usual until the 8th of November, 1884, when it was seized by the sheriff of New York. The assignee formally locked the door of a work-room in the house, and there is proof tending to show that the key was at once returned to the assignor. Under this state of the proof it was error to exclude the declaration of the assignor. (*Adams* v. *Davidson,* 10 N. Y., 309.)

When an assignment is followed by a change of possession the declarations of the assignor are not evidence. (*Coyne* v. *Weaver*, 84 N. Y., 392.) The admissibility of the testimony depends upon the assignee being in possession.

In *Coyne* v. *Weaver* (84 N. Y.), the answer of the defendant alleged that the assignee was in possession at the time of the levy, and the court held that the assignor's declarations were inadmissible " because made after the assignment and delivery of possession under it."

The acts done by the assignor at about the time of the assignment, and the declarations made by him, were evidence, and their rejection was improper. The question of a lack of a change of possession, as the case was left, was one for the jury. The necessity for a jury may be further shown by proof of a fictitious debt or that the assignment was made to defraud creditors by other proof.

Judgment reversed and new trial granted, costs to abide event.

DYKMAN and CULLEN, JJ., concurred.

Judgment and order denying new trial reversed and new trial granted, costs to abide event.