## THIRD DEPARTMENT, DECEMBER, 1944.

### (December 29, 1944.)

EBENEZER C. TALBOT, Appellant, *v.* MORRIS SHERMAN, Respondent.

MEMORANDUM BY THE COURT. Plaintiff complains that defendant wrongfully converted two of his cows. The proof shows that defendant had a chattel mortgage on these animals. The Trial Judge found that plaintiff failed to establish the cause of action alleged in the complaint. The evidence sustains his findings.

Judgment affirmed, with costs.

BREWSTER, J. (dissenting). I dissent. I favor a reversal of the judgment appealed from and the granting of a new trial. Plaintiff's proofs substantially established the cause of action alleged. Plaintiff's chattel mortgage plainly created a lien on *ten* black and white cows of various markings and ages, viz., on the five first described, the purchase price of which was thereby secured, and on five others of similar markings then and prior in the possession and ownership of the mortgagor. The chattel mortgage described the first five and by its express terms passed title to them back to plaintiff. It then went on to

further mortgage and transfer the title to the other five in express terms. The pencil notations as to ear tags on the first named five cows were no part of the mortgage, although the proof showed that such quite evidently referred to them. There was sufficient evidence to show that some two years later defendant through his agents and servants took *two* of the *second* batch of five cows away from the mortgagor and converted them to his own use. The mortgagor in substance so testified. It was not contradicted. Exhibit E was sufficient proof of a demand in conversion. As to the very technical objection to plaintiff's proofs in that his original complaint was indefinite in its third paragraph in reference to the cows it alleged to have been converted by the defendant, the amendment made to the complaint at the opening of the trial substituted plaintiff's chattel mortgage of August 25, 1938, in place of the reference to the " property note " there referred to. The reception of said chattel mortgage in evidence thus obviated any slight variance between the pleadings contained in the third paragraph of the complaint and the proofs which were offered. We " may wrestle, if need be, with unwilling words to find the truth, or preserve a right which is endangered." (*Coyne* v. *Weaver*, 84 N. Y. 386, 390.)

Under the insecurity provisions of said chattel mortgage, plaintiff had the right to deem himself and his security insecure when the defendant took possession of the cows on which plaintiff held a chattel mortgage, so as to constitute such taking and holding thereafter, and after the demand evidenced by Exhibit E, a conversion, or at least there was sufficient evidence to establish such, prima facie. (*Chadwick* v. *Lamb*, 29 Barb. 518; see, also, *Balz* v. *Shaw*, 13 Misc. 181, 187.)

Bliss, Heffernan and Foster, JJ., concur in decision; Brewster, J., dissents in a memorandum in which Hill, P. J., concurs.

Judgment affirmed, with costs.