### WOOD *v.* MITCHELL et al.

(*Supreme Court, General Term, First Department.* February 18, 1892.)

1. JUDGMENT BY CONFESSION—SETTING ASIDE FOR FRAUD.
   - In the absence of fraud, judgments by confession will not be set aside simply because they were given by defendant after obtaining from plaintiff an extension of time to answer in an action then pending.

2. EQUITABLE LIEN.
   A mere promise to pay an indebtedness out of funds arising from a contract with a third party, without anything in the nature of an appropriation of such funds thereto, does not create an equitable lien upon or assignment of any portion of the funds.

Appeal from special term, New York county.

Action by Charles Wood against William Mitchell and others to set aside judgments by confession, upon the ground that defendant Mitchell had obtained from plaintiff an extension of time in an action then pending, and thereafter confessed the judgments in question. Plaintiff appeals from a judgment for defendants, rendered on trial by the court without a jury. Affirmed.

Mr. Justice BARRETT, who tried the case, delivered the following opinion at special term: "I cannot accede to the proposition that confessions of judgment, given for honest debts, are to be set aside merely because they were so given after the plaintiff had extended the defendant's time to answer in the action then pending. Mitchell had a right to prefer these creditors, and so long as they were not parties to a fraud their vested rights cannot be taken from them. But it was not a fraud, even upon Mitchell's part, to pay or secure his honest debts, and, though he obtained the extension for that specific purpose, the confessions were but the exercise of a legal right. Whether the time necessary to prepare and execute the confessions was obtained by judicial order, by consent, or by interposing a frivolous answer, is immaterial. There was here no agreement, express or implied, that, pending the extended time, the existing *status* should not be changed by any act of the defendant. The case, therefore, is not analogous to *Jaques* v. *Greenwood*, 12 Abb. Pr. 232. It is more like *Hauselt* v. *Vilmar*, 2 Abb. N. C. 222, affirmed 76 N. Y. 630, where *Jaques* v. *Greenwood* was analyzed, and shown to rest upon the fact of an express agreement that no assignment would be made pending the stay of proceedings. There judgment had actually been entered, and, by means of the stay secured upon the agreement that no assignment would be made, the creditor was deprived of the benefit of a levy. The other point made upon the plaintiff's behalf is even less tenable. There is nothing whatever in the facts testified to by the plaintiff to warrant his claim of an equitable lien upon or assignment of any portion of what was coming to Mitchell from the United

States. There was nothing in the nature of an appropriation of the funds, nothing which would have authorized the United States to pay directly to the plaintiff. There was no assignment, pledge, or order. Mitchell merely promised to pay when he was in funds from his contract with the government, and this promise was purely personal. There should be judgment for the defendants, dismissing the complaint upon the merits, with costs to the defendants Patterson Brothers, Theodore Smith, and Henry Smith, jointly, to the defendants Hobby and Doody, and to the defendant E. B. James."

Argued before VAN BRUNT, P. J., and LAWRENCE and O'BRIEN, JJ.

*Bergen & Dykman,* (*Jas. C. Bergen,* of counsel,) for appellant. *Everett D. Barlow,* for William Mitchell, and by substitution for Patterson Bros. and Theodore Smith and Henry Smith, respondents. *Tracy, McFarland, Ivins, Boardman & Platt,* for respondents Hobby and Doody.

LAWRENCE, J. In this case there is nothing which shows that the judgments were not founded upon just and legal debts due from Mitchell to the parties in whose favor the judgments were entered. Under such circumstances, it cannot be held that the action of the respondents' attorneys in obtaining an extension of time to answer was a fraud upon the plaintiff, entitling him to the relief which he seeks in this action. The opinion of the learned justice who tried the case fully covers it, and it therefore follows that the judgment in the defendants' favor should be affirmed, with costs and disbursements. All concur.