HENRY ABEGG et al., Respondents, *v.* JOHN W. BISHOP et al., Appellants.

A preference exceeding in amount one-third of the assets of an insolvent, made by a transfer of property to a *bona fide* creditor just prior to the execution of an assignment for the benefit of creditors, does not under the General Assignment Act (Chap. 503, Laws of 1887), in the absence of any intent to hinder, delay or defraud creditors, vitiate the transfer or assignment.

In case the transfer and the assignment are to be taken together as one transaction, the restraint of the statute does not stamp the greater preference as fraudulent, but simply limits its effective operation to the permissible one-third.

An action, therefore, is not maintainable to set aside the transfer or assignment because of the unlawful preference.

*It seems* the only remedy is an action, in aid of the assignment and for the benefit of all the creditors, to subject the excess to the claims of creditors under that instrument.

*Abegg* v. *Bishop* (66 Hun, 8), reversed.

(Argued April 12, 1894; decided April 24, 1894.)

APPEAL from order of the General Term of the Supreme Court in the first judicial department, made November 30, 1892, which reversed a judgment in favor of defendants entered upon a decision of the court on trial at Special Term · dismissing the complaint, and ordered a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Joseph A. Welch* for appellant Tilge. The transfer by Bishop & Crawford to Tilge & Co. of the accounts delivered to them on account of their debt was not invalidated by the fact that Bishop & Crawford afterward executed a general assignment. (*Manning* v. *Beck*, 129 N. Y. 1.) This action, for a judgment setting aside the assignment and the payment to the creditors Tilge & Co., cannot be maintained, nor could it be maintained even if the debtors had decided to make an assignment at the time of transferring the accounts to Tilge

& Co., and the latter had been informed of such an intention. (*C. N. Bank* v. *Seligman*, 138 N. Y. 435.)

*Maurice Rapp* for appellant Grasse. The mere creation of the preference in excess of one-third of the assets is not sufficient to render the general assignment void, whether such preference is created by the assignment or extraneous thereto. (*Berger* v. *Varelmann*, 127 N. Y. 283; *Manning* v. *Beck*, 129 id. 1; *C. N. Bank* v. *Seligman*, 138 id. 435.) The burden of proof is upon the plaintiffs. It is incumbent upon them to establish by a preponderance of evidence that the defendants have been guilty of the fraud charged in the complaint. Fraud will not be presumed. (*Schultz* v. *Hoagland*, 85 N. Y. 464; *Thalheimer* v. *Klopetsky*, 129 id. 647.) The order of reversal does not state that the reversal was on the facts, and it must, therefore, be presumed here that it was for some error of law. (Code Civ. Pro. § 1338; *Whitman* v. *Foley*, 125 N. Y. 655.)

*Alexander Blumenstiel* for respondents. The transfer and assignment are part of the same transaction, and if one is bad both must fall. (*Amisdown* v. *Manchester*, 40 Barb. 158; *Livermore* v. *Northrup*, 44 N. Y. 107; *People* v. *Chalmers*, 60 id. 154; *Percy* v. *Benedict*, 50 Hun, 282.) The transfer is fraudulent because the debtors in making it were guilty of misappropriation and fraudulent disposition of firm assets. (*Livermore* v. *Northrup*, 44 N. Y. 107; *Amisdown* v. *Manchester*, 40 Barb. 158; *D. Ins. Co.* v. *Van Wagoner*, 132 N. Y. 398; *Warner* v. *Jaffrey*, 96 id. 248; *Richards* v. *Thurber*, 105 id. 606.) This action is not an action in aid of the assignment, therefore, it was not necessary for the plaintiffs to have first requested the assignee to commence it. (*Loos* v. *Wilkinson*, 110 N. Y. 195; *Spring* v. *Short*, 90 id. 538; *Crose* v. *Frothingham*, 97 id. 105.)

FINCH, J. This action was brought to set aside a transfer of accounts by Bishop and Crawford to the firm of Tilge &

Co., executed on the 10th of January, 1890, in pursuance of an agreement to that effect made two days earlier; and also to set aside and annul a general assignment executed by the same debtors on the next day. The debt to Tilge & Co. exceeded $15,000, and no question is made over its honest existence or actual amount. These creditors had obtained a judgment by confession in New Jersey, where the debtors had a factory, but nothing was found there upon which execution could be levied, and that remedy proved unavailable to the creditors. The nominal amount of the accounts transferred was nearly six thousand dollars, but they were subject to discounts and abatement, and have yielded only about sixteen hundred dollars to the holders. The general assignment made on January 11th was without preferences; and the schedules show debts to the amount of over forty thousand dollars, and a total of assets valued at about fifteen hundred dollars. The assignees of the accounts, the general assignee, and the assignors all testify that the final assignment was not determined upon, contemplated, or suggested, until after the transfer of the accounts, and the trial court refused a request to find to the contrary. There was no evidence in the case, and it is not argued that there was any, which tends to prove as a fact an intent to hinder, delay and defraud creditors outside of the bare truth that the transfer of the accounts and the general assignment, taken together as one transaction, show an effort and intent to give Tilge & Co. a preference for more than one-third of the assets of the insolvent debtors, which is in violation of the act of 1877. The Special Term dismissed the complaint, but the General Term reversed that judgment, holding that the transaction was a trick or device to evade the statute against excessive preferences; that as such violation it was a fraud upon creditors; and that both transfers were void on the supposed state of facts, irrespective of the knowledge or intent of the creditors preferred; and this doctrine was confidently pressed as too plain for argument, but in ignorance of a decision of this court not then in the reports.

Nevertheless it is explicitly contravened in all its essential

elements by the decision referred to   The whole subject was discussed in *Central National Bank* v *Seligman*, (138 N. Y. 441).   In that case there was an assignment of accounts to a creditor on the very day of the execution of the assignment, though before such execution.   There were judgments confessed to another creditor although not entered until after the general assignment.   The attack was made as here upon these preferences and the assignment, all of which were sought to be set aside as fraudulent and void because they worked a preference in excess of the statutory permission.   To that we answered that the mere preference in payment of one honest creditor over another was never at common law evidence of a fraudulent intent; that it was lawful and permissible until the statute restrained it; that in restraining it to one-third of the assets the act did not stamp as fraudulent a greater preference; that it simply limited its effective operation to the permissible one-third; and that the excess when created outside of the assignment could only be recovered by an action in aid of the assignment and for the benefit of all the creditors.   The argument of Andrews, Ch. J., in which we all concurred, covers the whole ground, and need not be in any respect repeated.   As in that case the excessive preference made neither the transfers nor the assignments fraudulent, so they fail to effect that result in this.   As we refused to set them aside in that case as fraudulent when no other ground than the forbidden excess existed, so also we must refuse in this.   As the only remedy in that case upon the then disclosed facts was an action in aid of the assignment to subject the excess to the claims of creditors under that instrument, so that is the only proper remedy in the case at bar upon the facts contained in the record.   It follows that the conclusion of the Special Term was correct and its reversal an error.

The order of the General Term should be reversed and the judgment of the Special Term affirmed, with costs.

All concur.

Ordered accordingly.