(1 App. Div. 77.)

SMITH et al. v. MUNROE et al.

(Supreme Court, Appellate Division, First Department. January 24, 1896.)

ASSIGNMENT—RIGHTS OF PREFERRED CREDITORS—FRAUD.

    A preferred creditor, whose claim is paid before the assignment, valid as between assignor and assignee, is attacked, cannot be compelled by other creditors to make restitution of the money paid him, merely because he, knowing of the insolvency of the assignor, made loans to him, with an agreement that the loans should be kept secret, and that, in case of an assignment, he should be preferred, though, after the making of the loans, the other creditors made sales to the assignor, as such facts do not constitute a fraud on the other creditors.

Appeal from special term.

Action by Alfred H. Smith and others against John Munroe and others, impleaded. From a judgment on an order sustaining a demurrer to the complaint, plaintiffs appeal. Affirmed.

Argued before VAN BRUNT, P. J., and WILLIAMS, PATTERSON, and O'BRIEN, JJ.

Franklin Bien, for appellants.

G. A. Strong, for respondents.

PATTERSON, J.    The general assignment of Wickham & Co. to Newitter was valid as between the assignor and assignee.    Before it was attacked by creditors the preferred indebtedness of Munroe & Co. was paid.    It was an honest debt, actually due, and, as said before, the trust to pay which was fully performed before the assignment was challenged.    Ordinarily, that would suffice to protect creditors situated as Munroe & Co. were.    Knower v. Bank, 124 N. Y. 560, 27 N. E. 247.    But it is claimed by the plaintiffs that circumstances intervene to render the doctrine of the case cited inapplicable here.    It is alleged in the complaint that Wickham & Co., the assignors, being insolvent, and having been so for a long time, borrowed sums of money on bankers' credits from the defendants Munroe & Co.; that these amounts were loaned by Munroe & Co. with full knowledge of such insolvency; that such loans were to be kept secret; that, in case Wickham & Co. should make an assignment, Munroe & Co. should be preferred for their claims; that, had the plaintiffs (judgment creditors seeking to avoid the assignment) known of their debtors' insolvency, and of the secret arrangement, they would not have sold the merchandise to the assignors.    And on these allegations, coupled with the averments necessary to a standing in court to attack the assignment, the plaintiffs claim they have presented a prima facie case entitling them to relief against the defendants Munroe & Co., to compel them to make restitution of the money paid them by the assignee.

On demurrer to the complaint, it was held, at special term, that facts sufficient to constitute a cause of action were not pleaded, and in this conclusion we concur.    The advancing of money to Wickham & Co. while that firm was insolvent was not fraudulent on the part of either the borrower or lender.    That very transaction may have been resorted to to extricate the borrower from insolvency.    Concealment of the transaction was not a fraud, because its divulgence might have precipitated disaster, and prevented the object of the loan.    Nor were insolvency and suppression of knowledge thereof necessarily fraudulent in Wickham & Co.'s dealings with the plaintiffs.    Nichols v. Pinner, 18 N. Y. 295.    Something more is required to render them so.    The complaint fails to allege that Wickham & Co. neither intended nor expected to pay for the goods bought of the plaintiffs, or believed or had reason to believe they would not be able to pay for them.    Thus far, then, for all that appears in the complaint, Wickham & Co., being insolvent, applied for loans of money to Munroe & Co. to aid them in their business.    These loans were made, and they were kept secret.    But something more took place.    The borrowers promised to prefer the lenders in the event of their being compelled to make an assignment for the benefit of creditors.    Even this superadded fact does not make Munroe & Co. liable in equity to the plaintiffs.    The conditional agreement was not a fraud on creditors.    As was said in Bank v. Whitmore, 104 N. Y. 304, 10 N. E. 524:

"A failing debtor may make an assignment preferring one or more creditors because he is under a legal, equitable, or moral obligation to do so, or he may do it from mere caprice or fancy, and the law will uphold such an assignment honestly made.    If he may make such an assignment with-

out any antecedent promise, why may he not make it after and in pursu-
ance of such a promise? How can an act otherwise legal be invalidated
because made in pursuance of a valid or invalid agreement honestly made?
In Smith v. Craft, 11 Biss. 340, 12 Fed. 856, Judge Gresham held that such
a conditional agreement for a future preference was a fraud upon creditors.
But in the same case (17 Fed. 705), upon a rehearing, Judge Woods held
that the same agreement was not fraudulent, and in a very satisfactory
opinion showed that such an agreement as we have here, for a future pref-
erence in case of insolvency, is not a legal fraud upon creditors. See, also,
Walker v. Adair, 1 Bond, 158, Fed. Cas. No. 17,064; Anderson v. Lachs, 59
Miss. 111; Spaulding v. Strang, 37 N. Y. 135, 38 N. Y. 9; Haydock v. Coope,
53 N. Y. 68."

None of the acts complained of, segregated or aggregated, consti-
tuted a cause of action against Munroe & Co., and the interlocutory
judgment sustaining the demurrer should be affirmed, with costs and
disbursements. All concur.