(15 App. Div. 125.)

PEARSON v. EGGERT et al.

(Supreme Court, Appellate Division, Second Department. March 19, 1897.)

ASSIGNMENTS FOR BENEFIT OF CREDITORS — PREFERENCES — LIABILITY AS IN-
DORSER.

A preference in favor of the holder of notes, "to apply only to such por-
tion of said promissory notes as the holder shall fail to collect from the
maker thereof," applies merely to the liability of the assignor as indorser
at the time the assignee should be ready to make distribution.

Appeal from special term, Kings county.

Action by Nicholas Pearson against William Eggert, Edward Eg-
gert, the Chatham National Bank of New York, Theodore G. Rohr-
berg, assignee, etc., to set aside an assignment for benefit of cred-
itors as fraudulent. The complaint was dismissed on the merits,
and plaintiff appeals. Affirmed.

The opinion of Mr. Justice CLEMENT, at special term, is as fol-
lows:

On or about August 1, 1894, the defendants William Eggert and Edward Eg-
gert, composing the firm of William Eggert & Co., made a general assignment
to the defendant Theodore Rohrberg. In said instrument, the assignee is directed
to prefer the respective holders of certain promissory notes therein enumerated,
and aggregating $32,519.19, all bearing the indorsement of William Eggert
& Co., and delivered to the Chatham National Bank of New York City, and
discounted by said bank, and the proceeds paid to them, "the preference to apply
only to such portion of said promissory notes as the holders shall fail to collect
from makers thereof." The plaintiff is a judgment creditor of William Eggert
& Co., and has brought this action to set aside the assignment, on the ground
that the same is fraudulent and void, on the grounds (1) that the foregoing pref-
erence is illegal and fraudulent on the face of the assignment, and (2) that, as
matter of fact, on the testimony produced at the trial, the assignment was exe-
cuted by the assignors, and accepted by the assignee, with intent to hinder, de-
lay, and defraud the plaintiff, as creditor of said assignors.

On the second claim, I expressed an opinion, at the close of the trial, that the
plaintiff had failed to make out a case. The counsel for plaintiff was given
leave to put in a brief calling the attention of the court to any fact discovered
by him in the exhibits which tended to show fraud, and which had not been
discovered during the trial. The counsel has not found any new evidence, and
I therefore adhere to my former decision.

The important question, therefore, to be considered and decided, is whether,
by reason of the preference of the holders of the notes, the assignment is fraud-
ulent on its face. The counsel for plaintiff contend that the liability preferred
was not the liability of indorsers, but the contingent liability of guarantors of
collection. I do not so understand the words of the preference. The assign-
ors, in my opinion, preferred the holders of the notes on their liability as in-
dorsers, and the last clause, "as the holders shall fail to collect from makers
thereof," should be interpreted to read "as the holders shall not collect from
the makers thereof." Twenty-four of the notes were overdue at the date of
the assignment, and forty-nine were to become due in a short time. The as-
signors no doubt believed that the makers would pay some of the notes of the
latter class at maturity, and their liability as indorsers would then cease. The
clause was put in simply to restrict the payments to be made by the assignee
to the notes on which the assignors should be liable as indorsers at the time he
was ready to make distribution. Judge O'Brien, in a like action, said (Roberts
v. Buckley, 145 N. Y. 215, 223, 39 N. E. 968): "There is no dispute concerning
the rules of law that govern in such a case with respect to the construction to
be given to the assignment and the inventory and schedules. They must be
interpreted, like all other instruments, according to the intention of the parties;
and, if possible, such a construction should be adopted as will sustain the as-
signment, rather than defeat it," etc. In this assignment the assignee is di-

rected to prefer all debts and liabilities as set forth in Schedule A, while in the schedule the preference is limited to such notes as the makers shall fail to pay at maturity or before the assignee is ready.

In view of my construction of the words of Schedule A, it becomes unnecessary to consider the other legal questions raised by the counsel for plaintiff.

The complaint is dismissed on the merits, without costs, as to defendants the assignors and the assignee. As to the defendant the Chatham National Bank the complaint is dismissed, with costs, but no extra allowance is granted.

Argued before CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

David M. Dean and Francis M. Finch, for appellant.

Paul E. De Fere, for respondents Eggert.

Frank H. Edmunds, for respondent Chatham Nat. Bank.

George E. Miner, for assignee, Rohrberg.

WILLARD BARTLETT, J. The object of this action was to set aside an assignment made on or about the 1st day of August, 1894, for the benefit of their creditors, by the defendants William Eggert and Edward Eggert, composing the firm of William Eggert & Co., to the defendant Theodore Rohrberg. There was a preference in the assignment of the holders of certain enumerated promissory notes, aggregating the sum of $32,519.19, "all bearing the indorsement of William Eggert & Co., the assignors, and delivered to the Chatham National Bank of New York by said William Eggert & Co., the assignors, and discounted by said bank, and the proceeds thereof paid to said William Eggert & Co., the assignors; *the preference to apply only to such portion of said promissory notes as the holders shall fail to collect from makers thereof.*" The plaintiff, a judgment creditor, attacked the transfer as fraudulent on its face, by reason of the preference in the language which I have placed in italics, and as fraudulent in fact by reason of various circumstances set out in the complaint, and which he attempted to establish upon the trial. As to the first point, the learned judge before whom the case was tried construed the preference to apply simply to the liability of the assignors as indorsers at the time the assignee should be ready to make distribution, and not as applicable to the contingent liability of guarantors of collection; and he held that the clause "as the holders shall fail to collect from makers thereof" should be read "as the holders shall not collect from the makers thereof." As to the second branch of the case, he found, upon the evidence taken before him, that the assignment was made in good faith, for the benefit of the creditors of the defendants Eggert. An examination of that evidence satisfies us that we ought not to interfere with the conclusion reached in the court below in respect to the facts.

As to the contention that the assignment is void on its face as matter of law, we should have been quite content to affirm this judgment upon the opinion at special term were it not for the earnestness with which the learned counsel upon the additional brief insists that the liability preferred was really the contingent liability of guarantors of collection, which was as yet nonexistent, and incapable of being the subject of a valid preference. This has led

us to consider the question with the utmost care, but has only served to confirm us in the view that the preference should receive the interpretation which Mr. Justice Clement placed upon it, under the rule that, if possible, such a construction should be adopted as will sustain an assignment, rather than defeat it. Roberts v. Buckley, 145 N. Y. 215, 39 N. E. 966; Coyne v. Weaver, 84 N. Y. 386. In the case last cited, the opinion of the court was written by Finch, J., who said:

"Two rules should guide us to the proper result. The meaning and intention of the assignor is to be gathered from the whole instrument, and, where two different constructions are possible, that is to be chosen which upholds, and does not destroy, the instrument."

There the phrase in question might have meant either that the assignee was at liberty to compromise any claim against the assigned estate if he should choose to do so, or that the assignee might compromise such claims as, in the exercise of a sound discretion, the interests of the trust should require. In holding that the latter was the proper construction, Judge Finch added:

"If it was necessary, in order to reach that interpretation, to be subtle and astute in our study of the language used, the quaint expression of Lord Hobart, cited with approval in Townsend v. Stearns, 32 N. Y. 215, would furnish our justification. A court may wrestle, if need be, with unwilling words, to find the truth or preserve a right which is endangered."

We think the judgment should be affirmed. All concur.