PIERCE STEAM–HEATING CO. v. RANSOM et al.

(Supreme Court, Appellate Division, First Department. April 9, 1897.)

1. ASSIGNMENT FOR THE BENEFIT OF CREDITORS—VALIDITY—DELAY IN FILING.
   A general assignment is not invalid because it was not filed until four days after it was signed, where it was signed with the understanding that it was not then to be delivered, but only in case the assignors were unable to procure an extension from their creditors.

2. SAME—PREFERENCES.
   An attempted preference by giving a chattel mortgage just before the execution of a general assignment, which preference failed either because the amount of it exceeded one-third of the assignor's estate, or because the chattel mortgage was void, does not invalidate the assignment.

Appeal from special term, New York county.

Action by the Pierce Steam-Heating Company against William H. Ransom and others to set aside as fraudulent a general assignment made by defendants William H. Ransom and Nannie G. Ransom, co-partners under the firm name and style of Ransom & Co., to defendant Louis M. Fulton. The complaint was dismissed, and plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

P. Q. Eckerson, for appellant.
David Willcox, for respondents.

O'BRIEN, J. The plaintiff, as a judgment creditor, seeks to set aside a general assignment made by the defendants Ransom, as co-partners, to Louis M. Fulton, as assignee. The claim that the assignment was fraudulent and void was based upon the following grounds: (1) That the assignment was signed four days before it was filed, and that after the signing, and before the filing thereof, the property covered by the assignment remained in the possession of Ransom & Co.; (2) because of a preference given to a creditor by a chattel mortgage recorded just before the assignment, and by the sale of a valuable lease to such creditor; (3) because of the withdrawal from the firm, and appropriation by one of the assignors, of $871.03, within a week of the assignment; (4) because of a secret agreement made by one of the assignors with two creditors to pre-

fer them if he got into trouble. The assignors having denied fraudulent intent, the burden was on the plaintiff to establish it.

In answer to the claim founded upon the lapse of time between the making of the assignment and the filing thereof, the learned trial judge has found that, when the assignment was signed, it was upon the understanding that it was not then to be delivered. The assignors remained in possession, and continued the business, making every effort to avoid an assignment by procuring an extension from creditors; and it was only when this attempt failed, four days after the assignment was executed, that it was delivered and filed, and the assignee at once thereafter went into possession. That such facts do not invalidate an assignment was held in McIlhargy v. Chambers, 117 N. Y. 532, 23 N. E. 561. That case is not in conflict with the decision of this court where, upon different facts, the assignment was held void. Bank v. Stevens, 5 App. Div. 392, 39 N. Y. Supp. 298.

As to the preference given to a particular creditor by a chattel mortgage, and by the sale of the lease, the circumstances under which they were given were fully explained. It is not disputed but that the assignors were indebted to the person whom they sought to secure; and while the effort thus made may have been ineffectual, either by reason of the fact that the chattel mortgage was void, or that the preference exceeded one-third of the assignors' property, neither would invalidate the assignment. Abegg v. Bishop, 142 N. Y. 286, 36 N. E. 1058; Bank v. Seligman, 138 N. Y. 435, 34 N. E. 196.

The complaint did not allege that the assignors withheld any property from the assignee, and, upon the proof presented, the learned trial judge found affirmatively the other way. That one of the assignors had dealt with the moneys of the firm just prior to the assignment was shown, but the disposition made of such moneys was also shown; and we see no reason for interfering with the findings of the court.

In reference to the contention that the assignment was rendered invalid and void by reason of the secret agreement alleged to have been made with two of the creditors, it is only necessary to say that it was not proved; and, even if it had been, it is doubtful if it would be a ground for setting aside the assignment. Bank v. Whitmore, 104 N. Y. 297, 10 N. E. 524; Smith v. Munroe, 1 App. Div. 77, 37 N. Y. Supp. 62; Smith v. Craft, 123 U. S. 441, 8 Sup. Ct. 196.

With respect to the main grounds upon which this judgment is assailed, therefore, while some of them might have seriously affected the question of the good faith of the assignment, the conclusion reached by the learned trial judge is justified, in the light of the explanations furnished, that the assignment was not made with fraudulent intent.

We have examined the findings, some of which are claimed to be inconsistent with the evidence, and others not supported, and also the errors claimed to have been committed in rulings upon evidence; but none of these are of sufficient weight to affect the judgment ren-

dered, the findings upon the crucial questions involved being supported by evidence which is clearly competent.

We think the judgment is right, and should be affirmed, with costs. All concur.