PIERCE STEAM HEATING COMPANY, Appellant, *v.* WILLIAM H. RANSOM, NANNIE G. RANSOM, Defendants; and LOUIS M. FULTON, as Assignee, under the Alleged Assignment for the Benefit of Creditors of WILLIAM H. RANSOM and NANNIE G. RANSOM, Respondent.

*General assignment — not void because signed four days before it was delivered and filed — not because of a prior preference to* a bona fide *creditor — nor because of a prior secret agreement with creditors to prefer them.*

A general assignment for the benefit of creditors is not invalidated by the fact that it was signed four days before it was filed, where it appears that the assignors during that period remained in possession and continued the business, made every effort to avoid an assignment by procuring an extension from creditors, and only when this attempt failed actually delivered and filed the assignment, under which the assignee went into possession.

Such an assignment is not invalidated by the fact that a *bona fide* creditor received preferences by a chattel mortgage recorded just before the assignment, and by the sale of a valuable lease to him, even though the transfers may have been voidable because the chattel mortgage was void or the preference exceeded one-third of the assignors' property.

*Semble*, that it is doubtful whether a secret agreement made by one of the assignors in a general assignment with two creditors, to prefer them if he got into trouble, would be a ground for setting aside the assignment.

APPEAL by the plaintiff, the Pierce Steam Heating Company, from a judgment of the Supreme Court in favor of the defendant Louis M. Fulton, entered in the office of the clerk of the county of New York on the 7th day of August, 1896, upon the decision of the court rendered after a trial at the New York Special Term dismissing its complaint.

*P. Q. Eckerson*, for the appellant.

*David Willcox*, for the respondent.

O'BRIEN, J.:

The plaintiff, as a judgment creditor, seeks to set aside a general assignment made by the defendants Ransom, as copartners, to Louis M. Fulton, as assignee. The claim that the assignment was fraudulent and void was based upon the following grounds: (1) That the assignment was signed four days before it was filed, and that after the signing and before the filing thereof the property covered by the assignment remained in the possession of Ransom & Co. (2) Because of a preference given to a creditor by a chattel mortgage recorded just before the assignment, and by the sale of a valuable lease to such creditor. (3) Because of the withdrawal from the firm, and appropriation by one of the assignors, of $871.03, within a week of the assignment. (4) Because of a secret agreement made by one of the assignors with two creditors to prefer them if he got into trouble. The assignors having denied fraudulent intent the burden was on the plaintiff to establish it.

In answer to the claim founded upon the lapse of time between the making of the assignment and the filing thereof, the learned trial judge has found that when the assignment was signed it was upon the understanding that it was not then to be delivered. The assignors remained in possession and continued the business, making

every effort to avoid an assignment by procuring an extension from creditors; and it was only when this attempt failed, four days after the assignment was executed, that it was delivered and filed, and the assignee at once thereafter went into possession. That such facts do not invalidate an assignment was held in *McIlhargy* v. *Chambers* (117 N. Y. 532). That case is not in conflict with the decision of this court where upon different facts the assignment was held void. (*South Danvers Nat. Bank* v. *Stevens*, 5 App. Div. 392.)

As to the preference given to a particular creditor by a chattel mortgage and by the sale of the lease, the circumstances under which they were given were fully explained. It is not disputed but that the assignors were indebted to the person whom they sought to secure; and while the effort thus made may have been ineffectual, either by reason of the fact that the chattel mortgage was void or that the preference exceeded one-third of the assignors' property, neither would invalidate the assignment. (*Abegg* v. *Bishop*, 142 N. Y. 286; *Central Nat. Bank* v. *Seligman*, 138 id. 435.)

The complaint did not allege that the assignors withheld any property from the assignee, and upon the proof presented the learned trial judge found affirmatively the other way. That one of the assignors had dealt with the moneys of the firm just prior to the assignment was shown, but the disposition made of such moneys was also shown; and we see no reason for interfering with the findings of the court.

In reference to the contention that the assignment was rendered invalid and void by reason of the secret agreement alleged to have been made with two of the creditors, it is only necessary to say that it was not proved; and, even if it had been, it is doubtful if it would be a ground for setting aside the assignment. (*Nat. Park Bank of N. Y.* v. *Whitmore*, 104 N. Y. 297; *Smith* v. *Munroe*, 1 App. Div. 77; *Smith* v. *Craft*, 123 U. S. 441.)

With respect to the main grounds upon which this judgment is assailed, therefore, while some of them might have seriously affected the question of the good faith of the assignment, the conclusion reached by the learned trial judge is justified, in the light of the explanations furnished, that the assignment was not made with fraudulent intent.

We have examined the findings, some of which are claimed to be inconsistent with the evidence and others not supported, and also the errors claimed to have been committed in rulings upon evidence; but none of these are of sufficient weight to affect the judgment rendered, the findings upon the crucial questions involved being supported by evidence which is clearly competent.

We think the judgment is right and should be affirmed, with costs.

Van Brunt, P. J., Barrett, Rumsey and Ingraham, JJ., concurred.

Judgment affirmed, with costs.