ELIASSOF et al. v. ECKLER et al.

(Supreme Court, Appellate Division, Third Department. May 4, 1898.)

ASSIGNMENTS FOR CREDITORS—CONSTRUCTION OF DEED.

An assignment for the benefit of creditors provided that the assignee should apply the residue of the proceeds to the payment of liabilities mentioned in the preferences. Held, that as the intention was manifest, from the whole instrument, to refer to liabilities not mentioned in the preferences, the court would read the word "not" into the conveyance.

Appeal from trial term, Albany county.

Action by Moses Eliassof and others against Lewis F. Eckler, as assignee, and Glidden A. Dewandelaer, impleaded. There was a judgment for plaintiffs, and defendant Eckler appeals. Reversed.

The judgment set aside, in favor of the plaintiff, a judgment creditor of the defendant Dewandelaer, with execution unsatisfied, as fraudulent upon its face, an assignment for the benefit of creditors made January 8, 1897, by the defendant Dewandelaer to the appellant, Eckler, and appointed a receiver of all of the assigned property, and directed the assignee to assign and deliver all the assigned property to the receiver. The assignment made preferences (1) of the wages of the employés, and then (2) a note at the St. Johnsville Bank; (3) other specified notes, so far as the law would permit the application of the assets to the preferred debts,—and then provided: (4) "And after fully paying and discharging all the aforesaid debts as before provided, the said party of the second part shall pay, all and singular, all other debts and liabilities of the party of the first part; and, if such residue be not sufficient to pay and discharge all such debts and liabilities in full, then the said party of the second part shall apply the residue of said proceeds to and in the payment of the debts and liabilities mentioned in the preferences, ratably and in proportion to the respective amounts thereof." (5) "And if, after the payment of all the said debts and liabilities in full, there shall be any remainder or residue of said property or proceeds, to repay and return the same to the said party of the first part, his executors, administrators, and assigns." The preferred debts exceed in amount all the assigned assets. The plaintiff is not a preferred creditor.

Argued before PARKER, P. J., and LANDON, HERRICK, MERWIN, and PUTNAM, JJ.

H. V. Borst, for appellant.
Charles W. Mead, for respondents.

LANDON, J. The learned trial judge held that inasmuch as the literal reading of the fourth provision of the assignment is to the

effect that if, after payment of the preferred debts, or of so much thereof as the law would permit, the residue applicable to the payment of the nonpreferred debts should not be sufficient to pay them in full, then the assignee should apply such residue to and in payment of the preferred debts, the assignment made no provision for the nonpreferred debts in case of inability to pay them in full; and such is the case. That the assignor intended to make a valid assignment seems to be apparent from all its parts, except the portion of the fourth provision thus criticised. The assignment begins with the declaration that the assignor "is indebted to divers persons in sundry sums of money, which he is unable to pay in full, and is desirous of providing for the payment of the same, so far as is in his power, by an assignment of all the property for that purpose." He then provides for the proper expenses, and next for his preferred creditors, but expressly subject to chapter 503, § 30, Laws 1887, which operates upon the preferences, and limits them to one-third of the assigned estate. He next, in the fourth provision, first provides for the payment out of the residue of all his other debts; but he qualifies this provision with a clause which, literally construed, would defeat the lawful intent and scheme which he had up to that point aptly expressed. We should construe this assignment so as to give effect to the manifest intent of the assignor, as gathered from the instrument itself, and so that it may stand, rather than fall, if either construction is open to us. Roberts v. Buckley, 145 N. Y. 215, 39 N. E. 966; Pearson v. Eggert, 15 App. Div. 125, 44 N. Y. Supp. 330; Coyne v. Weaver, 84 N. Y. 386. The difficulty with the fourth provision of the assignment seems to arise from the omission of the word "not" in its proper place, as follows:

"And, if such residue shall not be sufficient to pay and discharge all such debts and liabilities in full, then the said party of the second part shall apply the residue of said proceeds to and in payment of the debts and liabilities not mentioned in the preference, ratably."

We think the intention to insert "not" is clear, that its insertion is necessary to prevent the defeat of the instrument, and that we should read it in, or construe the instrument as if it were in it. The fifth provision evidently contemplates that the fourth does provide for the payment in full, or ratably, of the nonpreferred debts, after applying to the preferred debts all the law will permit. When the actual terms of the agreement contradict the manifest intention, the intention governs. Where the condition of a bond for the payment of money was that the bond should be void if the money was not paid, it was held to be wholly inconsistent with the nature of the bond itself, and the "not" was rejected, and the bond held valid. Story, Cont. § 636, and cases there cited. Mr. Justice Story, in Ferguson v. Harwood, 7 Cranch, 408, 413, said, "Mistakes of this nature are usually mere slips of attorneys, and do not touch the merits of the case." "Northeasterly" was read "northwesterly" in Brookman v. Kurzman, 94 N. Y. 272. The word "hundred" was read after "one" in a bond, because the previous terms of the bond required it. Waugh v. Bussell, 5 Taunt. 707.

With "not" inserted, the instrument makes sense; with "not" omitted, nonsense.

But the statute (chapter 503, Laws 1887) limiting the preference to preferred creditors to one-third of the assigned estate imposes its limitation upon this assignment. Bank v. Seligman, 38 N. Y. 435, 34 N. E. 196; Abegg v. Bishop, 142 N. Y. 286, 36 N. E. 1058. Hence, if the fourth provision does provide that, in case the residue shall be insufficient to pay all the unpreferred debts, such residue shall be paid upon the preferred debts, such provision is nugatory, to the extent that it first devotes more than one-third of the assigned estate to the preferred debts, and thus leaves the provision in full force in the fourth clause, namely:

"After fully paying and discharging all the aforesaid debts as before provided, the said party of the second part shall pay, all and singular, all other debts and liabilities of the party of the first part."

Thus the assignment conforms to the law. All concur.

We think the judgment should be reversed, and judgment directed for the appellant, with costs here and below.