MOSES ELIASSOF and Others, Respondents, *v.* GLIDDEN A. DEWANDE-LAER, Defendant; LEWIS F. ECKLER, as Assignee of said DEWANDELAER, under a General Assignment for the Benefit of His Creditors, Appellant.

*General assignment — corrected where preferences are unintentionally directed to be paid.*

An assignment for creditors, after giving certain preferences, by the 4th clause thereof provided as follows: "And, after fully paying and discharging all the aforesaid debts as before provided, the said party of the second part shall pay all and singular all other debts and liabilities of the party of the first part; and if such residue shall not be sufficient to pay and discharge all such debts and liabilities in full, then the said party of the second part shall apply the residue of said proceeds to and in payment of the debts and liabilities mentioned in the preference ratably."

*Held,* that as the instrument disclosed an intention on the part of the assignor to make a valid assignment, the 4th clause should be construed as if the word "not" were inserted between the words "liabilities" and "mentioned," so that it would read "in payment of the debts and liabilities *not* mentioned in the preference ratably."

APPEAL by the defendant, Lewis F. Eckler, as assignee of Glidden A. Dewandelaer, for the benefit of his creditors, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of Albany on the 16th day of February, 1898, upon the decision of the court rendered after a trial at the Albany Trial Term before the court without a jury.

The judgment set aside, in favor of the plaintiff, a judgment creditor of the defendant, Dewandelaer, with execution unsatisfied, as fraudulent upon its face, an assignment for the benefit of creditors made January 8, 1897, by the defendant, Dewandelaer, to the

appellant, Eckler, and appointed a receiver of all the assigned prop-
erty, and directed the assignee to assign and deliver all the assigned
property to the receiver.

The assignment made preferences :

1. Of the wages of the employees, and then

2. A note at the St. Johnsville Bank ;

3. Other specified notes, so far as the law would permit the appli-
cation of the assets to the preferred debts, and then provided,

4. " And, after fully paying and discharging all the aforesaid debts
as before provided, the said party of the second part shall pay all and
singular all other debts and liabilities of the party of the first part ;
and if such residue be not sufficient to pay and discharge all such
debts and liabilities in full, then the said party of the second part
shall apply the residue of said proceeds to and in the payment of
the debts and liabilities mentioned in the preference, ratably and in
proportion to the respective amounts thereof."

5. " And if, after the payment of all the said debts and lia-
bilities in full, there shall be any remainder or residue of said
property or proceeds, to repay and return the same to the said party
of the first part, his executors, administrators and assigns."

The preferred debts exceed in amount all the assigned assets. The
plaintiff is not a preferred creditor.

*H. V. Borst*, for the appellant.

*Charles W. Mead*, for the respondents.

LANDON, J. :

The learned trial judge held that, inasmuch as the literal reading of
the 4th provision of the assignment is to the effect that if, after
payment of the preferred debts, or of so much thereof as the law
would permit, the residue applicable to the payment of the non-
preferred debts should not be sufficient to pay them in full, then the
assignee should apply such residue to and in payment of the preferred
debts, that the assignment made no provision for the non-preferred
debts in case of inability to pay them in full ; and such is the case.

That the assignor intended to make a valid assignment seems to
be apparent from all its parts, except the portion of the 4th pro-
vision thus criticised.   The assignment begins with the declaration

that the assignor "is indebted to divers persons in sundry sums of money, which he is unable to pay in full, and is desirous of providing for the payment of the same so far as in his power by an assignment of all his property for that purpose." He then provides for the proper expenses, and next for his preferred creditors, but expressly subject to section 30 of chapter 466 of the Laws of 1877, added by chapter 503, Laws of 1887, which operates upon the preferences and limits them to one-third of the assigned estate. He next in the 4th provision first provides for the payment, out of the residue, of all his other debts; but he qualifies this provision with the clause which, literally construed, would defeat the lawful intent and scheme which he had up to that point aptly expressed. We should construe this assignment so as to give effect to the manifest intent of the assignor as gathered from the instrument itself, and so that it may stand rather than fall, if either construction is open to us. (*Roberts* v. *Buckley*, 145 N. Y. 215; *Pearson* v. *Eggert*, 15 App. Div. 125; *Coyne* v. *Weaver*, 84 N. Y. 386.)

The difficulty with the 4th provision of the assignment seems to arise from the omission of the word *not* in its proper place, as follows: "And if such residue be not sufficient to pay and discharge all such debts and liabilities in full, then the said party of the second part shall apply the residue of said proceeds to and in the payment of the debts and liabilities *not* mentioned in the preference ratably." We think the intention to insert *not* is clear; that its insertion is necessary to prevent the defeat of the instrument, and that we should read it in or construe the instrument as if it were in it.

The 5th provision evidently contemplates that the 4th does provide for the payment in full or ratably of the non-preferred debts, after applying to the preferred debts all the law will permit. When the actual terms of the agreement contradict the manifest intention, the intention governs. Where the condition of a bond for the payment of money was that the bond should be void if the money was *not* paid, it was held to be wholly inconsistent with the nature of the bond itself, and the *not* was rejected, and the bond held valid. (Story Cont. § 636, and cases there cited.) Mr. Justice Story in *Ferguson* v. *Harwood* (7 Cranch, 408, 413) said: "Mistakes of this nature are usually mere slips of attorneys and do not touch

the merits of the case." "Southeasterly "was read "southwesterly" in *Brookman* v. *Kurzman* (94 N. Y. 272). The word "hundred" was read after "one " in a bond, because the previous terms of the bond required it. (*Waugh* v. *Bussell*, 5 Taunt. 707.)

With *not* inserted, the instrument makes sense ; with *not* omitted, nonsense.

But the statute (Chap. 503, Laws of 1887) limiting the preference to preferred creditors to one-third of the assigned estate, imposes its limitation upon this assignment. (*Central National Bank* v. *Seligman*, 138 N. Y. 435 ; *Abegg* v. *Bishop*, 142 id. 286.) Hence if the 4th provision does provide that in case the residue shall be insufficient to pay all the unpreferred debts such residue shall be paid upon the preferred debts, such provision is nugatory to the extent that it first devotes more than one-third of the assigned estate to the preferred debts, and thus leaves the provision in full force in the 4th clause, namely : "After fully paying and discharging all the aforesaid debts as before provided, the said party of the second part shall pay all and singular all other debts and liabilities of the party of the first part." Thus the assignment conforms to the law.

We think the judgment should be reversed, and judgment directed for the appellant, with costs here and below.

All concurred ; MERWIN, J., in result.

Judgment reversed, with costs, and judgment directed for appellant, with costs.